UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TONNIE LUCKETT (#99443)**                                          CIVIL ACTION

**VERSUS**

**BURL N. CAIN, ET AL.**                                             NO. 15-0074-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 5, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TONNIE LUCKETT (#99443)**                                    **CIVIL ACTION**

**VERSUS**

**BURL N. CAIN, ET AL.**                                       **NO. 15-0074-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James LeBlanc, the Louisiana State Police Crime Lab, and Capt. Brian Wynne, complaining that personnel at LSP and at the State Police Crime Lab have refused his requests for blood typing or for documentation that shows his blood type. The plaintiff contends that he needs blood-typing to establish his innocence in connection with criminal convictions entered against him in 1991 in the Civil District Court for the Parish of Orleans, State of Louisiana.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if

the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was convicted in 1991 in the Criminal District Court for the Parish of Orleans, State of Louisiana, on multiple counts of aggravated rape, crime against nature, burglary, robbery and attempted first degree murder.[1] His criminal proceedings are final and he has been found to be time-barred from pursuing further post-conviction relief. *See Luckett v. Cain*, 2003 WL 21284175, *3 (E.D. La. June 3, 2003). He alleges that in 1996, he submitted an administrative grievance to prison officials requesting that his blood be drawn for an analysis of his blood type, but his request was refused in the absence of a "court order." He asserts that he has submitted numerous additional grievances to prison officials, has corresponded with various entities, has reviewed a copy of his criminal file

---

1. In a habeas corpus proceeding filed by the plaintiff in the United States District Court for the Eastern District of Louisiana, challenging his convictions, that Court enumerated the plaintiff's convictions as being "three counts of aggravated rape, three counts of aggravated burglary, three counts of armed robbery, two counts of aggravated crime against nature, one count of forcible rape, one count of simple burglary, one count of simple robbery, and one count of aggravated battery." *See Luckett v. Cain*, 2003 WL 21284175 (E. D. La. June 3, 2003).

obtained from the Orleans Parish District Attorney's Office, and has corresponded with, and submitted a public records request to, the Louisiana State Police Crime Lab, seeking the referenced information, but has been unsuccessful.  He asserts that the State Crime Lab has responded to his recent public records request with a notation that "no records [were] found."  Finally, the plaintiff asserts that personnel from the State Crime Lab came to LSP in 2005 or 2006 and, with authorization from defendants LeBlanc and Cain, extracted blood from offenders, including the plaintiff, for the state's criminal data base.  The plaintiff contends that such authorization establishes that defendants LeBlanc and Cain do not need a "court order" to provide him with blood type analysis and that the State Crime Lab does in fact have the requested information and should be compelled to provide it to him.

      The Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court.  Specifically, it has been recognized that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation."  *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), *cert. denied*, 133 S.Ct. 2802 (2013).  "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"  *Id.*  Upon a review of the records of this Court, it appears that in two separate prior lawsuits filed by the plaintiff before this Court, the plaintiff has asserted identical claims against defendants Burl Cain and James LeBlanc.  *See Tonnie Luckett v. Warden Burl N. Cain, et al.*, Civil Action No. 13-0722-SDD-RLB (M.D. La.), and *Tonnie Luckett v. Robert E. Barrow, Jr. Treatment Center, et al.*, Civil Action No. 14-0153-JWD-RLB (M.D. La.).  Both of those lawsuits have been dismissed as frivolous or as legally

malicious pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]  Accordingly, inasmuch as the claims asserted in the instant proceeding are duplicative of the claims asserted by the plaintiff in the referenced prior proceedings, this proceeding is subject to dismissal as being legally "malicious" within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.

Notwithstanding the foregoing, the Court notes that the plaintiff has named two additional defendants in this proceeding that were not named in the prior proceedings, the Louisiana State Police Crime Lab and Police Capt. Brian Wynne.  Notwithstanding, the plaintiff has failed to state a viable claim against either of these defendants.  First, with regard to the State Crime Lab – a subdivision of the Louisiana Department of Public Safety and Corrections – the Eleventh Amendment to the United States Constitution has been interpreted as providing immunity to any unconsenting state sued in federal court by her own citizens or by the citizens of other states.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, absent consent or waiver, not here present, the State of Louisiana

---

2. In the first of the plaintiff's two prior lawsuits, the Court rejected the plaintiff's claim, stating:

> [T]he plaintiff in the instant case, who alleges only that he has pursued one or more administrative claims and addressed correspondence to prison officials, and has not alleged that he has attempted to utilize any judicial procedures authorized by the State of Louisiana for obtaining post-trial forensic blood-typing, has failed to state a claim of the violation of his procedural due process rights.  To the extent that he may wish to pursue a claim for forensic testing in connection with the evidence obtained or used against him, he is advised that he should first proceed in the state trial and appellate courts and, if unsuccessful, may then attempt to pursue further relief under § 1983 in federal court in accordance with *Skinner v. Switzer*, [562 U.S. 521 (2011)].

In the instant case, similarly, the Court notes that the plaintiff has not alleged that he has attempted to avail himself of any remedies obtainable through the state appellate courts.

is immune from suit in federal court.  This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State.  *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985).  *See also Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989).  Accordingly, by extension, the defendant Crime Lab, being a subdivision of the Louisiana Department of Corrections, is entitled to immunity and is subject to dismissal as a matter of law.

Second, although the plaintiff has named State Police Capt. Brian Wynne as a defendant herein, the plaintiff has failed to allege any personal involvement on the part of this defendant in the events complained of.  In this regard, in order for a public official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that the defendant police captain is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal, supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith, supra*, 718 F.2d at 768.

In the instant case, the plaintiff has failed to include any factual allegations whatever relative to Capt. Brian Wynne.  Accordingly, the plaintiff has failed to state a viable cause of action relative to this defendant, and the defendant is entitled to judgment as a matter of law.

RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and malicious within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on November 5, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."